## CRAWFORD v. UNITED STATES et al.

### No. 6078.

United States Court of Appeals
Fourth Circuit.

Argued June 29, 1950.

Decided June 30, 1950.

John M. Scott of Florence, S. C. (William H. Blackwell of Florence, S. C., on the brief) for appellant.

P. H. McEachin, of Florence, S. C. (McEachin, Townsend & Ziegler, of Florence, S. C., on the brief), for appellee Ruby Crawford Bennett.

Before SOPER and DOBIE, Circuit Judges, and GILLIAM, District Judge.

### PER CURIAM.

This civil action was instituted by the plaintiff, James C. Crawford, father of the deceased soldier, Earl Crawford, (hereinafter referred to as the soldier) in the United States District Court for the Eastern District of South Carolina. The plaintiff alleged that the deceased soldier had designated, or attempted to designate, and thought that he had designated, the plaintiff as beneficiary of a National Service Life Insurance Policy in the amount of Ten Thousand Dollars ($10,000.00); that the soldier died in action on July 9, 1944, while the policy was in full force and effect; and that the plaintiff was entitled to the proceeds of the policy. The defendant, Ruby Crawford Bennett, in her answer alleged that she was the widow of the deceased; that no beneficiary was named by the deceased and that, by law, she was entitled to the proceeds of his National Service Life Insurance. The United States filed an answer alleging that the policy was in full force and effect; that the records did not show that any beneficiary was named by the deceased, and prayed that the Court designate the proper beneficiary and give credit or offset for the amount of the payments already made to the defendant, Ruby Crawford Bennett.

Trial by jury was waived and the matter was heard by District Judge J. Waties Waring, at Florence, South Carolina. Judge Waring filed his Opinion, Findings of Fact, Conclusions of Law and Order dated December 30, 1949, in which he sustained the claim of the defendant, Ruby Crawford Bennett.

The soldier, while himself young, had married a very young girl and they separated shortly after the marriage. There was a great deal of evidence as to discords between the couple and their reconciliations. Over a year after his marriage, the soldier enlisted in the United States Army and stated under oath that he was single.

The soldier signed an army form naming his father as "Beneficiary" "for War Department purposes." Three days later the soldier filled out in his own handwriting an army form upon which his application for the National Service Insurance Policy was to be based. In this form, he left blank the space for the designation of the beneficiary and named his father (whose address was given) as the person to whom

the policy was to be mailed. The formal application was then typed and signed by the soldier, and, again in this formal application, the space for the designation of the beneficiary was left blank and the father designated as the person to whom the policy was to be mailed. It is admitted that in the absence of the designation of any beneficiary, the widow is entitled to the proceeds of the insurance. Appellant, however, contends that the soldier intended the father to be the beneficiary and that the soldier thought that he had brought about such a result.

The District Judge opened wide the field of evidence and patiently heard a large number of witnesses. In this connection, he stated in his opinion: "There was a great deal of oral testimony and a large number of members of the family testified in behalf of the Plaintiff. I saw and heard all of these witnesses and was not impressed by any of them. And the same might be said for the testimony produced by the Defendant. In fact, I felt that all their credibility was mainly dependent upon their cupidity."

Many letters written by the soldier to his wife were also read by the District Judge. In these letters, the soldier expressed his affection for his wife and his desire to return to her.

We agree with the District Judge that the record discloses no convincing evidence of a clear intention, at any time, on the part of the soldier to make his father the beneficiary of his policy. Nor is there any positive showing that the soldier thought that, by his acts, he had already made his father such beneficiary. And even more transparently clear is it that not a shred of evidence discloses any overt act on the part of the soldier done with the idea or intention of changing the legal effect of the policy as it was when it was issued.

It is quite significant that in the initial document signed by this soldier, before he even applied for the insurance, he did definitely make the father his beneficiary for "War Department purposes." In the memorandum he filled out in his own handwriting upon which the formal application was based, and, also in the formal typewritten application which he signed, the father is named as the person to whom the policy was to be sent, yet the space for the naming of a beneficiary was left blank. Again, the soldier definitely, in another form, named his father and mother as the persons who were to receive his gratuity. All this seems to warrant the inference that the soldier's omission to designate a beneficiary of his insurance was deliberate and intentional, not merely inadvertent.

Had the soldier actually entertained the intention that his father should receive the proceeds of the policy or had he thought that, by his acts, he had actually accomplished this result, mention of this would normally have appeared in the soldier's letters to his father, to his mother or to others. Yet the letters contain no such mention.

We must, therefore, affirm the judgment of the District Court awarding the proceeds of this insurance policy to the soldier's widow.

Affirmed.